AUGUSTA LUCK, Plaintiff and Appellant, v. SOVEREIGN CAMP, WOODMEN OF THE WORLD, Defendant and Appellee.

**Pleadings:** SUBSTITUTION: WHEN PROPERLY STRICKEN.   In this suit on a benefit certificate the plaintiff filed several substituted petitions, but served no original notice and filed no trial notice. The defendant however voluntarily appeared to the action and filed a trial notice, and after the case was set for trial the plaintiff filed another substituted petition containing no change in the pleading except a correction of deceased's surname, which correction had been made by defendant's answer.   *Held,* there was no occasion for the last substituted petition, that the same was properly stricken from the files, and upon plaintiff's elec-

tion to stand upon the pleadings judgment was properly entered for defendant.

*Appeal from Dubuque District Court.*—HON. M. C. MATTHEWS, Judge.

WEDNESDAY, JANUARY 12, 1910.

THIS is an action on a certificate of membership in a mutual benefit association. There was a judgment against the plaintiff for costs. She appeals.—*Affirmed.*

*Frank L. Muekel,* for appellant.

*Brown & Burnett* and *G. A. Barnes,* for appellee.

EVANS, J.—The plaintiff brought her action as wife and beneficiary of an insurance provision, contained in a certificate of membership held by her husband in the defendant as a mutual benefit association. This certificate provided for a payment of $1,000 insurance to the plaintiff in case of the death of the husband. It was averred that the husband, George Luck, died on April 1, 1905. It was also averred that $150 had been received by the plaintiff, for which credit was allowed in the petition. The answer of the defendant set up a written compromise and settlement with the plaintiff, whereby she had agreed to receive the sum of $150 in full settlement. It was also averred in the answer that George Luck committed suicide, and that the defendant was not liable in any amount by reason of such fact. Plaintiff filed her original petition on September 19, 1906. On April 25, 1907, she filed a substituted petition. On January 21, 1908, she filed another substituted petition. On motion of the defendant this last substituted petition was stricken on January 23, 1908. Thereupon the plaintiff caused to be made of record the

following: "The plaintiff excepts, and elects to stand upon the pleading." Thereupon judgment was entered against the plaintiff for costs. The plaintiff contends that the court erred in striking her substituted petition.

One of the grounds of the motion to strike was that the cause was set for trial, and that it was apparent that the substituted petition was filed for the purpose of delaying the trial. It is urged here that this was the ground upon which the court sustained the motion. There is much in the record to give color to this ground. Plaintiff filed her petition, and served no original notice. In April, 1907, the defendant entered a voluntary appearance. Thereupon the plaintiff filed a substituted petition, and the defendant answered the same on May 7, 1907. It does not appear that the plaintiff ever served a trial notice. On January 6, 1908, the defendant obtained leave to serve a trial notice ten days before January 20th, which was done. The case had been at issue since May 7, 1907, when the plaintiff filed her last substituted petition. Her substituted petition was identical with her former substituted petition, except in the spelling of the surname of her husband and herself. This correction had already been made in the answer by the defendants. There was therefore no occasion for the last substituted petition. After the substituted petition was stricken, the plaintiff was still in court upon her former petition. If she had desired a trial upon it, she was in no manner hurt by the ruling of the trial court. The record is that plaintiff "elects to stand on the pleadings." The only construction which we can place upon this statement is that she refused to offer any testimony. Under the pleadings as they were the defendant was clearly entitled to judgment. There is no claim that the court refused to receive any evidence offered by the plaintiff, nor is it affirmatively claimed that the case was dismissed before it was reached for trial. It is claimed that the record does not disclose whether it had been reached for trial or not.

The presumption is in favor of the correctness of the ruling of the trial court. The burden is upon the appellant to point out error. No error is shown by this record.

The judgment of the trial court is therefore *affirmed*.